IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GREGORY HAMSING,

                Plaintiff,

v.                                                  OPINION and ORDER

ANDREW SAUL,                                     20-cv-1-jdp
Commissioner of Social Security,

                Defendant.

---

      Plaintiff Gregory Hamsing seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Hamsing not disabled withing the meaning of the Social Security Act. Hamsing contends that administrative law judge (ALJ) Karen Sayon erred in assigning weight to three medical-source opinions and by failing to account for Hamsing's mental limitations in her residual functional capacity assessment. Neither of Hamsing's arguments warrants remand, so the court will affirm the commissioner's decision. The oral argument scheduled for on September 15, 2020, is cancelled.

ANALYSIS

      Hamsing seeks benefits for disability beginning on October 15, 2016. R. 13.[1] In an April 2019 decision, the ALJ found that Hamsing suffered from the severe impairments of fibromyalgia, obesity, and major depressive disorder. R. 16. She concluded that Hamsing had the residual functional capacity (RFC) to perform medium work with additional limitations:

> [He] can maintain attention for two hours at a time, at which point he would receive his regularly scheduled break. He can

---

[1] Record cites are to the administrative record, located at Dkt. 12.

>persist at simple tasks over eight hour shifts and 40-hour per week periods; can tolerate simple changes in routine, and make and carry out simple plans; can tolerate the minimal social demands associated with simple tasks; and is limited to occasional interaction with supervisors, coworkers, and the public.

R. 18. Relying on the testimony of a vocational expert, the ALJ found that Hamsing could no longer perform his past work as a hairdresser or painter. R. 21. But she concluded that he was not disabled because he could still perform jobs such as packager, order picker, and cleaner despite his impairments. R. 22.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, which means "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). This is not a high standard, requiring only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*

## A. Opinion evidence

Consultative examiner Gregory Cowan examined Hamsing on behalf of the agency and concluded that he had mild to marked impairment in a variety of mental areas.[2] R. 456. The ALJ gave no weight to Cowan's opinion because "it was based on a one-time examination and not supported by longitudinal evidence." R. 20. Specifically, the ALJ noted that Hamsing "has had minimal treatment for his mental symptoms" and "later reported an improvement in his mood and anxiety [in early 2019] once he complied with his medication regimen and therapy" beginning in late 2018. R. 20–21. The ALJ gave more weight to the opinions of two reviewing

---

[2] Hamsing's counsel, Dana W. Duncan, refers to a "Dr. Weber" (and once, a "Dr. Angle") in his brief, but comparison to the record shows that counsel means to refer to Cowan, as no doctors named Weber or Angle appear to have examined Hamsing, and as the portion of the ALJ's decision counsel cites in this section considers Cowan's opinion.

state agency psychiatrists, Ellen Rozenfeld and Russell Phillips, because she found them more consistent with Hamsing's medical records. R. 20. The ALJ noted that Hamsing had "presented with good/intact memory and concentration at therapy appointments" other than his consultative examination. R. 20. The ALJ also said that the reviewing psychiatrists had been able to review subsequent evidence showing improvement. *Id.*

Hamsing contends that the ALJ erred in assigning less weight to Cowan's opinion than to the reviewing psychiatrists' opinions for four reasons. First, Hamsing contends that regulations in effect when he applied for benefits required the ALJ to give more weight to the opinions of examining medical sources than to those of non-examining medical sources.[3] Hamsing's counsel has raised this argument in this court before, and the court has already explained why it is incorrect. *See Callaway v. Saul*, No. 19-cv-818-jdp, 2020 WL 2214385, at *3 (W.D. Wis. May 7, 2020). The court will not repeat itself here. As the court recently reminded counsel, he has a duty to disclose legal authority that is directly adverse to his position. *See Luzar v. Saul*, No. 19-cv-1018-jdp, 2020 WL 5249225, at *5 (W.D. Wis. Sept. 3, 2020). If he continues to fail to do so, the court will consider an appropriate sanction.

Second, Hamsing says that the reviewing psychiatrists' opinions were not reliable for several reasons. He says that they did "nothing more than us[e] Dr. [Cowan]'s observation and mental status examination to reach an alternative conclusion." Dkt. 15, at 26. But he cites no authority for the proposition that reviewing psychiatrists must accept the conclusions that an

---

[3] Hamsing also argues that the ALJ shouldn't have discounted Cowan's opinion for being based on a single examination because Cowan used objective testing methods and based his conclusions on his professional training and experience and because the ALJ gave greater weight to reviewing psychiatrists who didn't examine Hamsing at all. This argument essentially repeats Hamsing's already rejected argument that examining medical sources should always receive more weight than non-examining medical sources.

3

examining consultant drew from his examination results. Hamsing also says that Phillips's recommended restrictions, which included a restriction to unskilled work, inadequately accounted for Phillips's finding that Hamsing suffered from mild limitations in concentration, persistence, and pace. But as the court has previously explained to Hamsing's counsel, an ALJ's rating in the area of concentration, persistence, and pace is merely "a generalized assessment of the claimant's overall abilities in a broad area." *Gloege v. Saul*, 415 F. Supp. 3d 877, 880 (W.D. Wis. 2019). To show that Phillips's restrictions were inadequate, Hamsing must identify evidence in the record of a specific mental limitation that was not reflected in the restrictions. *Id.* at 881. He cannot simply say that the restriction is inconsistent with Phillips's rating in this broad area, as he does here. *Id.* Hamsing also says that two of Phillips's findings were inconsistent: Phillips found that Hamsing had mild limitations in concentration, persistence, and pace, R. 92, but he found that Hamsing was moderately limited in his ability to carry out detailed instructions and maintain attention and concentration for extended periods, R. 96. The court sees no inconsistency. A finding that Hamsing was mildly limited in the overall category of concentration, persistence, and pace is not inconsistent with a finding that he was moderately limited in two specific abilities within the broader category, but not limited in the other five abilities. None of these points call the reliability of these opinions into question.

Third, Hamsing says that the ALJ erred by stating that the reviewing psychiatrists had additional evidence to review. He says that records of his subsequent treatment weren't available to the psychiatrists. But even assuming that the reviewing psychiatrists didn't have access to additional records, the ALJ also gave their opinions more weight than Cowan's because the ALJ herself found them more consistent with records that showed improvement in early 2019 after Hamsing began to comply with his medication regimen and receive therapy.

Under the regulations in effect when Hamsing filed his application, this consistency was an independent ground supporting the ALJ's decision even if the reviewing psychiatrists didn't have access to those records. *See* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). Hamsing says that his records do not show such improvement, but he discusses no records dated after December 2018, ignoring his reports of improvement beginning in 2019 on which the ALJ relied. *See, e.g.*, R. 42 (Hamsing's February 2019 hearing testimony regarding improvements from recent therapy); R. 566 (January 2019 progress note reporting "improved mood and anxiety," fewer panic attacks, and "recent ability to maintain his 'cool' in a social situation he found triggering."). In his reply, Hamsing says that the period of improvement discussed by the ALJ was not long enough to support her findings, but he cites no authority to support his position. So he has not shown that the ALJ erred in finding the reviewing psychiatrists' opinions more consistent with his medical records showing improvement.

Fourth, Hamsing contends that the ALJ shouldn't have rejected Cowan's opinion on the ground that Hamsing sought "minimal treatment for his mental symptoms throughout the relevant adjudication period," R. 20. He says that the ALJ, as a layperson, wasn't qualified to judge whether his treatment was minimal. But the court of appeals has repeatedly upheld ALJs' findings based on their conclusions that claimants sought minimal treatment. *See, e.g.*, *Schmidt v. Astrue*, 496 F.3d 833, 842–43 (7th Cir. 2007); *Sienkiewicz v. Barnhart*, 409 F.3d 798, 804 (7th Cir. 2005). He also says that the ALJ was required to ask about his failure to seek treatment before using that information against him. Hamsing says that "the record is replete with reference to [his] fears of becoming addicted to medications" that explains his failure to treat. Dkt. 17, at 9. But the ALJ expressly acknowledged this explanation in her decision, noting

5

that she "appreciate[d]" his concern about addiction but that he had "not pursued any significant other treatment, such as therapy." R. 20. Hamsing offers another possible explanation for his failure to seek treatment, noting that a clinic at which he was seen accepts patients without insurance and suggesting that "it would seem likely that during periods of time, [he] may not have held insurance coverage." Dkt. 15, at 22. But he cites no evidence in the record to show that he lacked insurance. Nor does he respond to the commissioner's observation that Hamsing's medical records consistently refer to his insurance coverage. So he hasn't identified any error here, either.

**B. Residual functional capacity assessment**

Hamsing contends that the ALJ's RFC assessment was inadequate for two reasons. First, he says that the ALJ's assessment inadequately accounted for her finding that he was moderately limited in concentration, persistence, and pace. He relies on 20 C.F.R. Part 404, Subpart P, Appendix 1, which describes various abilities that may factor into the rating that an ALJ assigns a claimant in the broad category of concentration, persistence, and pace. But Hamsing identifies no authority for the proposition that the ALJ was required to consider all of the abilities listed in the regulations.

Hamsing also says that the ALJ did not "address some level of limitation in attention and concentration, and in persistence in task" in her RFC. Dkt. 15, at 18. But this is incorrect. The ALJ addressed Hamsing's concentration problems by restricting him to maintaining attention for two hours at a time followed by regularly scheduled breaks, performing simple tasks, tolerating simple changes in routine, and making and carrying out simple plans. R. 18. Again, Hamsing must identify evidence in the record showing that the RFC didn't account for his specific mental limitations. *Gloege*, 415 F. Supp. 3d at 881. The only such evidence that he

identifies are his subjective reports that he suffered from panic attacks that would require unscheduled breaks. But the ALJ discounted these reports as inconsistent with his treatment records. R. 17, 20. Hamsing doesn't challenge the ALJ's assessment of his credibility, so he can't rely on these subjective reports to challenge the RFC. *Gloege*, 415 F. Supp. 3d at 883. In sum, none of his arguments regarding concentration, persistence, and pace show that the ALJ failed to account for his specific mental limitations.

Second, Hamsing says that the ALJ's RFC didn't account for agency psychiatrist Rozenfeld's finding that Hamsing should be limited to tasks of one to three steps. This perfunctory argument (merely three sentences long) is entirely unsupported by authority, so it is waived. *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016). But even if Hamsing didn't waive the argument, the ALJ restricted him to performing simple tasks, and Hamsing fails to explain how a restriction to tasks of one to three steps would be meaningfully different from a restriction to simple tasks.

## CONCLUSION

Hamsing hasn't identified any error in the weight that the ALJ assigned to the opinion evidence, nor has he shown that the ALJ's RFC was inadequate. The court will deny Hamsing's motion for summary judgment and affirm the commissioner's decision.

Case: 3:20-cv-00001-jdp Document #: 19 Filed: 09/11/20 Page 8 of 8

ORDER

IT IS ORDERED that plaintiff Gregory Hamsing's motion for summary judgment, Dkt. 14, is DENIED and the administrative decision is AFFIRMED. The clerk of court is directed to enter judgment in favor of the defendant and close this case.

Entered September 11, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge